**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

VICTOR SMITH,

            CAUSE NO. CV-04-117-M-LBE

    Plaintiff,

    vs.          FINDINGS AND RECOMMENDATION
              OF U.S. MAGISTRATE JUDGE

DR. RANTZ, DR. JONES,
WILLIAM SLAUGHTER and
SGT. BYRON JACOBSON

    Defendants.

    This matter comes before the Court on Defendant Sergeant
Byron Jacobson's Motion for Summary Judgment. (Document 34).
Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendant
Jacobson did not provide Plaintiff with the Notice and Warning
required by Local Rule 56.2. Therefore, on April 8, 2006, the
Court took it upon itself to provide Plaintiff notice of the
requirements of the summary judgment rule as required by <u>Klingele
v. Eikenberry</u>, 849 F.2d 409, 411 (9th Cir. 1988) and <u>Rand v.
Rowland</u>, 154 F.3d 952, 956 (9th Cir. 1998)(en banc). Plaintiff
was given until May 1, 2006 to respond to Defendant Jacobson's
motion. To date, Plaintiff has filed no such response.

    Plaintiff was incarcerated at Crossroads Correctional Center
at the time he filed his Complaint. He has since been released
on parole. His Complaint seeks relief pursuant to 42 U.S.C. §

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

1983 for alleged violations of his Eighth Amendment rights for alleged denial of medical care.

**I.   STATEMENT OF THE CASE**

**A.   Factual Background**

Plaintiff's Complaint alleges that Plaintiff was transferred to the Missoula Regional Prison in November 23, 2000 and housed in maximum custody.  In May, 2001, while Plaintiff was attempting to use the "out-door" recreation area, another maximum custody inmate tackled Plaintiff on the concrete floor and injured his foot.  Plaintiff underwent surgery on his foot on May 9, 2001.

**B.   Plaintiff's Allegations**

Plaintiff alleges that from the date of the operation and in an on-going pattern Defendant Jacobson showed a deliberate indifference to his medical needs by failing to provide physical therapy for his foot (Document 19, p. 4; Document 20, ¶ 25). Plaintiff contends that he has permanently lost the full use of his leg due to the deliberate indifference to his medical needs.

**II.   SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, the Court finds that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

law.  Fed.R.Civ.P. 56(c); <u>Lundy v. Union Carbide Corp.</u>, 695 F.2d 394, 396 (9th Cir. 1982); <u>cert. denied</u>, 474 U.S. 848 (1985).

The initial burden is upon the moving party to demonstrate the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Interpreting Federal Rule of Civil Procedure 56, the Ninth Circuit has held that it is the burden of the moving party to demonstrate the absence of any material fact.  <u>This is true, even when the party against whom the motion for summary judgment is directed has not filed any opposition.</u>  A court should deny a motion for summary judgment if the movant's papers . . . themselves demonstrate the existence of a material issue of fact.  <u>Cristobal v. Siegel</u>, 26 F.3d 1488, 1494-95 (9th Cir. 1994) (emphasis added) (internal quotations and citations omitted).

The Court's ultimate inquiry is to determine whether the "specific facts" set forth by the non-moving party, coupled with undisputed background facts, are such that a rational jury might return a verdict in favor of the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 254 (1986).

## III.  DISCUSSION

Plaintiff makes two statements regarding Sgt. Jacobson in his Complaint and Memorandum of Points and Authorities.  First, his Complaint contends that "Sgt. Jacobson of the Missoula

Regional Prison knew that I was supposed to be transported 3 times a week, for a minimum of 6 months, but he Decided [sic] that this was not going to happen." (Document 19-Complaint, p. 4). Secondly, Plaintiff's Memorandum of Points and Authorities alleges, "I was informed by Sgt. Jacobson, of the Missoula Regional Prison, that I would not be transported to have any physical therapy done, because it was expensive, and in his opinion was 'out of line.'" (Document 20, ¶ 25).

Defendant Jacobson contends that he is entitled to summary judgment because no genuine issues of material fact exist, and Plaintiff has failed to establish all essential elements of a deliberate indifference claim.

As evidentiary support, Defendant Jacobson submitted his own affidavit which indicates that he was responsible for coordinating the transportation of inmates to medical and physical therapy appointments in 2001. (Document 36). Sgt. Jacobson was not responsible for authorizing or scheduling these types of appointments. Sgt. Jacobson does not remember Plaintiff specifically. However, he testified that if Plaintiff missed an authorized scheduled appointment it would have been caused by a breakdown in communications from medical to transport. (Document 36).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

The Eighth Amendment requires that prisoners receive adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).  To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987).

The appropriate inquiry into a state actor's conduct is whether they exhibited deliberate indifference to a serious medical need, or caused the "unnecessary and wanton infliction of pain[.]"  McGuckin, 974 F.2d at 1059 (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements:  "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059.  That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care.  Thus, there is both an

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

objective and a subjective component to an actionable Eighth
Amendment violation." Clement v. Gomez, 298 F.3d 898, 904 (9th
Cir. 2002)(citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir.
1995)).

The objective component requires the showing of a serious
medical need. "A 'serious' medical need exists if the failure to
treat a prisoner's condition could result in further significant
injury or the 'unnecessary and wanton infliction of pain'."
McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429
U.S. at 104).

The subjective component of deliberate indifference
considers the nature of the defendant's response to the serious
medical need and whether the defendant had a culpable mental
state, which is "'deliberate indifference' to a substantial risk
of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.
1998)(quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)).

The only allegation against Sgt. Jacobson is that he refused
to transfer Plaintiff to his physical therapy appointments.
While Plaintiff did submit some documentary evidence in support
of his Complaint (See Exhibits to Document 20), there is no
document which specifically refers to Sgt. Jacobson.

Sgt. Jacobson has presented a sworn affidavit that it was
not his responsibility to authorize or schedule physical therapy

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

appointments.  Further, Sgt. Jacobson testified that he has never refused to transport an inmate to a medical or physical therapy appointment.

Plaintiff submitted no evidence to rebut this testimony. There is nothing in the record to suggest that Sgt. Jacobson was involved in the decision regarding whether Plaintiff required physical therapy or that there even was an order for Plaintiff to be transported to physical therapy.  Without any evidence that Sgt. Jacobson was in some way involved in the denial of Plaintiff's physical therapy, Plaintiff cannot survive summary judgment.

Plaintiff did submit an Inmate Request Form from the Missoula County Detention Facility which was addressed to a Sgt. Roarick.  On this form, Plaintiff notified Sgt. Roarick that he had missed two doctor appointments.  However, there is no indication that Sgt. Jacobson was given this request form or advised of this situation.  Furthermore, the response to the request indicates that the situation was being looked into and that Plaintiff should advise Sgt. Rodrick if things did not improve. (Document 20, Exhibit I).

The Court cannot say that there is sufficient evidence that Sgt. Jacobson was deliberately indifferent to a serious medical need.  All the Court has is Plaintiff's two conclusory statements

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7

made in his Complaint and in the Memorandum in support of the
Complaint.   This is insufficient to overcome the evidence
submitted in the Affidavit of Sgt. Jacobson.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

Defendant Jacobson's Motion for Summary Judgment should be
**GRANTED** and Defendant Jacobson should be dismissed from this
action.

The Clerk of Court shall serve a copy of these Findings and
Recommendation on the parties.   The parties are advised that,
pursuant to 28 U.S.C. § 636(b)(1), any objections to the Findings
and Recommendation must be filed with the Clerk of Court within
twenty days after this Recommendation is signed, or objection is
waived.

DATED this $\frac{3}{2}$ day of May, 2006.

Leif B. Erickson
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 8