IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

```
VICTOR SMITH,                      )    CV-04-117-M-DWM
                                   )
            Plaintiff,             )
                                   )
     vs.                           )    ORDER
                                   )
DR. RANTZ, DR. JONES,              )
WILLIAM SLAUGHTER and              )
SGT. BYRON JACOBSON,               )
                                   )
                                   )
            Defendants.            )
_____)
```

United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation (dkt #45) in this matter on May 30, 2006.  Smith did not timely object and so has waived the right to de novo review of the record.  28 U.S.C. § 636(b)(1) (2000). This Court will review the Findings and Recommendation for clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

**I.  Background**

Smith is a *pro se* plaintiff proceeding pursuant to 42 U.S.C. § 1983.  Smith was incarcerated at the Missoula Regional Facility beginning November 23, 2000.  He was housed in the maximum

-1-

custody area and was injured during a recreation period by another inmate in early May 2001. On May 9, 2001, Smith underwent surgery on his foot. Since then Smith alleges he has suffered pain and debilitation related to the injury and the surgery. He asserts Defendants have shown deliberate indifference to his condition.

He alleges numerous manifestations of this indifference: changes in his prescription pain medications without a doctor's prescription; the failure to timely remove his cast after surgery; and the failure to provide proper physical therapy following the surgery. Smith contends he has lost the full use of his leg due to the lack of proper attention to his medical needs.

Defendant Sergeant Byron Jacobson filed a motion for summary judgment (dkt #34) on January 9, 2006 seeking dismissal of the claims against him. Jacobson did not fully comply with Rule 56 regarding notice and warning to Smith so Judge Erickson explained the nature of the summary judgment requirements to Smith and ordered him to respond to the motion by May 1, 2006. Smith failed to respond.

## II.  Analysis

**A.  Summary Judgment Standards**

A party moving for summary judgment is entitled to such if the party can demonstrate "that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party. *Id*. at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met his initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, at 248. The nonmoving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. *Id*.

In evaluating the appropriateness of summary judgment the Court must first determine whether a fact is material; and if so, it must then determine whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the

Court.

As to materiality, the applicable substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. Factual disputes which are irrelevant or unnecessary to the outcome are not considered. *Anderson*, at 248.

If a fact is found to be material, summary judgment will not lie if the dispute about that fact is genuine. In other words, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment should not be granted. *Id*. In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id*. at 251-252. Though the *Anderson* Court stated that at the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial, it also stated that if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50.

**B.   Discussion**

Judge Erickson correctly found that there were no genuine issues of material fact regarding Jacobson and Smith failed to

-4-

establish the essential elements of a deliberate indifference claim.  The deliberate indifference claim is Smith's avenue for redress under his § 1983 claim for failure to provide medical care.

Jacobson has presented uncontested testimony that it was not his responsibility to authorize or schedule physical therapy appointments for Smith and that he has never refused transportation to an inmate in need of medical care.  Because Smith did not respond to the summary judgment motion this testimony stands and Smith's claim against Jacobson fails to survive the motion.  *See Estelle v. Gamble*, 429 U.S. 91 (1976); *Clement v. Gomez*, 298 F.3d 898 (9th Cir. 2002).  Jacobson is entitled to dismissal.

### III.  Conclusion

Thus, based on the foregoing, IT IS HEREBY ORDERED that Judge Erickson's Findings and Recommendation (dkt #45) are adopted in full and Defendant Jacobson's motion for summary judgment (dkt #34) is GRANTED; and

IT IS FURTHER ORDERED that Defendant Jacobson is DISMISSED from this action.

DATED this 2nd day of August, 2006.

/s/ Donald W. Molloy
Donald W. Molloy, Chief Judge
United States District Court