```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MONTANA
                    MISSOULA DIVISION
     _____

VICTOR SMITH,                        Cause No. CV 04-117-M-DWM-JCL

          Plaintiff,

     vs.                             FINDINGS AND RECOMMENDATION
                                     OF U.S. MAGISTRATE JUDGE
DR. RANTZ, DR. JONES,
WILLIAM SLAUGHTER, and
SGT. JACOBSON,

          Defendants.
     _____
```

The Plaintiff initiated this action in August 2002 by filing his application to proceed *in forma pauperis* which the Court denied. Following an appeal to the Ninth Circuit Plaintiff's Complaint was filed on June 22, 2004. The Complaint was served and Defendants filed their Answers in September 2005.

The subject matter of the Plaintiff's Complaint stems from an incident that occurred when he was incarcerated at the Missoula County Detention Facility. He allegedly suffered an injury during a recreation period at the facility. The Plaintiff alleges the Defendants did not provide proper medical care for his injury in violation of his constitutional rights.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

A scheduling order was issued November 14, 2005. The Plaintiff's copy of the scheduling order mailed to him was returned in the mail as undeliverable.

Pursuant to the scheduling order Defendant Jacobson filed a summary judgment motion on January 9, 2006. The Plaintiff did not respond to the motion. On April 8, 2006, the Court issued an Order advising the Plaintiff of the summary judgment procedures under Fed. R. Civ. P. 56 as required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). The Plaintiff's copy of the April 8 Order mailed to him was also returned in the mail as undeliverable with a notation that the mail was "refused".

On May 15, 2006, the Plaintiff filed a Change of Address Notification in his unrelated habeas case. He listed a mailing address in Petaluma, California. Therefore, the Clerk of Court's office resent the April 8 *Rand* notice Order to Plaintiff at the Petaluma address. All subsequent Court documents have been sent to the Petaluma address.

The Plaintiff did not respond to the April 8 *Rand* notice Order regarding Defendant Jacobson's summary judgment motion. Therefore, the Court recommended the motion be granted, and on August 2, 2006, Chief Judge Donald W. Molloy dismissed Jacobson from this action. The August 2 Order noted that the Plaintiff did not file any objection to the recommendation that Jacobson be dismissed.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

On June 27, 2006, the Court issued an order noting that the Plaintiff had not filed any document in this case since September 24, 2004. Since he had been released on parole to reside in California, the Court ordered the Plaintiff to file a status report advising whether he intended to return to Montana to prosecute this action. The Plaintiff did not respond to the June 27 Order. Therefore, on October 11, 2006, the Court issued an Order directing the Plaintiff to show cause, within 10 days of the date of the Order, why this case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff has not filed any response to the October 11 Order.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court." The Court may dismiss a case under Rule 41(b) *sua sponte*. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v.*

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### 1. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). As demonstrated by the history of this case discussed above, the Plaintiff has not actively pursued his claims and he has apparently abandoned this lawsuit. He has not filed any document in this case since September 24, 2004. Since he has not expeditiously prosecuted his claims this factor weighs in favor of dismissal.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not actively pursue their claims or do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by other litigants who are active and compliant. The Court has already consumed time and expended resources in an effort to move this case towards a resolution, but based on the Plaintiff's failure to respond to the Court's orders it now appears he has no interest in pursuing his claims. Under these circumstances, in the interest of judicial economy the Court's

time is better spent on cases in which the litigants are actively pursuing their claims. This factor weighs in favor of dismissal.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

The Plaintiff's delay in prosecuting this case will prejudice Defendants' ability to defend. As time goes on, the facts supporting the claims, and witnesses' memories of such facts become stale, making it more difficult for either party to litigate this case. All of this delay, caused by Plaintiff, sufficiently prejudices Defendants and threatens to interfere with the rightful decision of the case. *Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation). *See also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

### 4. Alternatives

The Court has already afforded the Plaintiff opportunities to avoid a dismissal of this case. The Court has given him notice and an opportunity to respond to the one summary judgment motion filed in this case, and it has given him an opportunity to advise the Court whether he wants to continue to prosecute this

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 5

case.  Finally, the Court issued a show cause order giving him an opportunity to explain why this case should not be dismissed.  In that Order the Court cautioned the Plaintiff that this case was subject to dismissal pursuant to Rule 41(b).  Plaintiff has not responded to the Orders, has not taken advantage of the opportunities previously provided to him, and has not heeded the warning that this case could be dismissed.  There is no reason to expect the Plaintiff will "respond more satisfactorily to a second round" of opportunities than he did the first time.  *Henry*, 983 F.2d at 948.  The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal.  *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

**5.   Disposition on Merits**

Finally, public policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  This factor will always counsel against dismissal.

Based on the foregoing, although the policy in favor of disposition on the merits weighs against dismissal under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, the risk of prejudice to the Defendants, and the lack of meaningful alternatives weigh in favor of dismissal.  Accordingly, the Court

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 6

enters the following:

## RECOMMENDATION

This case should be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636(b)(1), they have the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this __31st__ day of October, 2006.


       /s/ Jeremiah C. Lynch
       Jeremiah C. Lynch
       United States Magistrate Judge