FILED
MISSOULA, MT

2006 DEC 6 PM 4 35

PATRICK E. DUFFY
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| VICTOR SMITH, | CV 04-117-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| DR. RANTZ, DR. JONES, WILLIAM SLAUGHTER, and SGT. JACOBSON, | |
| Defendants. | |

Plaintiff Smith filed this action on June 22, 2004 alleging constitutional violations stemming from an incident in which the Plaintiff claims he was refused proper medical treatment while he was incarcerated at the Missoula County Detention Facility. The Plaintiff has filed no documents in this case since September 24, 2004 and failed to respond to Defendant Jacobson's motion for summary judgment, resulting in the dismissal of that Defendant. See Doc. No 49. The Court's multiple attempts to contact the Plaintiff through the mail have been unsuccessful.

-1-

On October 11, 2006, United States Magistrate Judge Jeremiah
C. Lynch gave the Plaintiff ten days to appear and show cause why
his failure to prosecute should not result in dismissal of the
Complaint.  Plaintiff did not respond to the Order.  Judge Lynch
entered Findings and Recommendations in this matter on October
31, 2006, in which he recommends dismissal of the Complaint for
failure to prosecute under Fed. R. Civ. P. 41(b).  Plaintiff did
not timely object and so has waived the right to de novo review
of the record.  28 U.S.C. § 636(b)(1).  This Court will review
the Findings and Recommendation for clear error.  McDonnell
Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313
(9th Cir. 1981).  Clear error exists if the Court is left with a
"definite and firm conviction that a mistake has been committed."
United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in
deciding whether to dismiss for failure to prosecute, as set out
in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).
Judge Lynch found that the interest in expeditious resolution of
cases, the Court's need to manage its docket, the prejudice to
the Defendants and the availability of less drastic options all
favor dismissal, while only the preference for resolution of
cases on the merits does not.  On this basis Judge Lynch
recommended that the case be dismissed for failure to prosecute.
I can find no clear error with Judge Lynch's recommendation and
therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is

dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).

DATED this ___ day of December, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court